[L. A. No. 15688. In Bank.—May 15, 1936.]

WM. M. McGEE, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

George E. Cryer and R. Alston Jones for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Respondent.

WASTE, C. J.—This is an appeal from a judgment entered upon the sustaining of a demurrer to the complaint without leave to amend.

By this action appellant seeks to recover the amount of a judgment awarded him in a condemnation action which was subsequently abandoned by the respondent city. The allegations of the complaint disclose that appellant is the owner of a parcel of real property situate at the corner of Olive Street and Venice Boulevard in the city of Los Angeles. The parcel had a frontage of one hundred and twenty feet on Olive Street and one hundred feet on Venice Boulevard. Erected thereon and covering the entire parcel was a two-story brick office, store and garage building. The respondent city proposed to widen each street, and thereupon instituted a proceeding to condemn a thirty-foot strip of appellant's property facing Olive Street, and on which a portion of the building was situated. At the same time the city made it known that it would shortly thereafter commence a second proceeding to condemn a strip of land along Venice Boule-

vard for the purpose of widening and straightening that street. By this proceeding it was proposed to take a ten-foot strip of appellant's lot facing on Venice Boulevard with that part of the building located thereon.

In the course of the trial of the Olive Street action it was stipulated between appellant and the city that the proposed improvements would destroy appellant's building beyond the possibility of practical repair and reconstruction. It was further stipulated that the value of the building was $58,-777.34, and that this amount should be awarded appellant in two sums, $44,083 in the Olive Street action, then on trial, and $14,694.34 in the Venice Boulevard action, to be thereafter instituted. The Olive Street action was prosecuted to final decree and the respondent city paid appellant the stipulated award therein. The Venice Boulevard action proceeded to interlocutory decree and was subsequently abandoned. In the interim, however, and in reliance on the stipulation and understanding with the city through its counsel in the Olive Street action, the appellant proceeded to and did demolish and remove his building and erected another, built to the property lines as the city proposed to establish them in the two actions, at a cost of $51,500 in excess of the amount received by him as damages in the Olive Street action. This action was thereupon brought by appellant to recover the sum of $14,694.34, which by the stipulation was to be awarded to him in the abandoned Venice Boulevard action.

The stipulation underlying the present controversy was entered into between the deputy city attorney in charge of the Olive Street action and appellant's then attorney. It recites in part:

"WHEREAS, the improvements and conditions herein described will destroy said brick building beyond practical repair and reconstruction, and it appears that the least expensive and most practical solution is the purchase of the said building by the City of Los Angeles, a municipal corporation, plaintiff in this action, and its removal entirely; and

"WHEREAS, *the said building will probably be removed by the proceedings in the above entitled action* [Olive Street action, then on trial] *before Referees or Court make an award to this defendant* [appellant here] *for the damage caused the defendant in the action for the . . . widening and*

*straightening of Venice ·Boulevard . . . and it is intended by stipulation to fix the damage in each of said actions so that the plaintiff may proceed at once in the improvement contemplated* in the above entitled [Olive Street] action, . . . and

"WHEREAS, the value of said building is hereby agreed to be the sum of $58,777.34, . . .

"NOW THEREFORE, IT IS HEREBY STIPULATED, in view of the foregoing facts, all of which are made a part of this stipulation, that in the above entitled [Olive Street] action . . . the defendant William M. McGee shall be awarded the sum of $44,083 as the damage accruing to him by reason of the removal of said building, and that in the action . . . for the widening and straightening of Venice Boulevard . . . which action is not yet filed, but it is contemplated will soon be filed, the defendant shall be awarded the sum of $14,694.34 as the damage accruing to him by reason of the removal of said building."

█ It is settled that in a condemnation proceeding the owner of land may agree with the agents of the condemnor as to the value of his property, and may stipulate accordingly. In *City of Los Angeles v. Oliver*, 102 Cal. App. 299, 332 [283 Pac. 298], it is stated that "such stipulations have always been regarded by the courts as establishing the facts stipulated and as taking the place of evidence with regard thereto." In each of the condemnation proceedings here involved the trial court by its findings accepted the stipulated value of the building and in each instance made the award agreed upon, one of which, as stated, has been paid to the appellant.

█ Under the circumstances here present, we cannot accept the contention of the city that when the awards were made as agreed between the parties, the purpose of the stipulation had been fulfilled and the city was thereafter free to abandon the second condemnation proceeding without paying to the appellant the award therein provided. As we read the stipulation it was more than a mere agreement fixing the value of the destroyed building, which agreement was to take the place of evidence on the subject. The stipulation expressly referred to the then pending Olive Street improvement proceeding and to the then contemplated, but later abandoned, Venice Boulevard improvement, the joint effect of which was, as recognized in the stipulation, to make appel-

lant's building valueless. With this thought in mind the parties stipulated to the value of the building, a portion of which was to be awarded in each proceeding, "so that the plaintiff [city] *may proceed at once*" with the Olive Street improvement, the parties at all times also having in mind, and so stating in their stipulation, that appellant's "building will probably be removed by the proceedings in the above entitled [Olive Street] action before Referees or Court make an award to [appellant] for the damage caused" by the Venice Boulevard improvement proceeding. The fact that appellant then proceeded to and did demolish and remove his building, as contemplated by the parties, prior to the abandonment of the second or Venice Boulevard improvement proceeding, and at great expense to himself had erected a new building to conform to the proposed new lines of both streets, estops the city to deny liability to the appellant in the amount of that portion of the value of the building agreed between the parties as the award to be made in the abandoned proceeding.

In our opinion this cause presents one of those exceptional situations, recognized in *Times-Mirror Co.* v. *Superior Court*, 3 Cal. (2d) 309 [44 Pac. (2d), 547], and in *City of Los Angeles* v. *Cohn,* 101 Cal. 373 [35 Pac. 1002], where justice and right require the invocation of the principle of estoppel *in pais* in favor of a citizen or private party and against a municipality. As stated in the case first above cited, "equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention."

The complaint alleges, in substance, that on the faith of the stipulation with the respondent city, entered into during the trial of the Olive Street improvement proceeding, which stipulation was thereafter approved by the court in each improvement proceeding and one of the payments therein provided for made by the city, the appellant demolished a valuable building prior to the abandonment of the Venice Boulevard improvement proceeding, as in the stipulation it was expressly contemplated he "probably" would do, and erected another building at great expense conforming to the proposed new lines of both streets, in the firm and, in our opinion, warranted belief that the city would keep and perform the remaining portion of the stipulation providing for the payment to him of $14,694.34, the unpaid portion of the agreed value

of the destroyed building. We experience no hesitancy in declaring that the complaint adequately pleads an estoppel and a cause of action against the respondent city.

The judgment is reversed.

Shenk, J., Curtis, J., Conrey, J., and Langdon, J., concurred.